UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARMAINE W. BROWNING,

                Petitioner,                CRIMINAL CASE NO. 2:07-20427
                                          CIVIL CASE No. 12-10459
v.

UNITED STATES OF AMERICA,          HONORABLE GEORGE CARAM STEEH

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S RULE 59(e) MOTION (Doc. 48)**
**AND DENYING AS MOOT PETITIONER'S RULE 60(b)(6) (Doc. 49)**

      Petitioner Darmaine Browning filed a 28 U.S.C. § 2255 motion to vacate, set aside

or correct sentence on January 28, 2012.  On February 8, 2012, this court denied his §

2255 motion on the grounds that it was time-barred under 28 U.S.C. § 2255(f) and rejected

Browning's argument that equitable tolling saved his motion from dismissal.  Having found

the motion to be untimely, this court did not address the merits of Browning's claims of

ineffective assistance of trial and appellate counsel or of alleged Fourth Amendment

violations.  Now before the court are Browning's motion to amend or alter the order

dismissing his § 2255 under Fed. R. Civ. P. 59(e), (Doc. 48) and a motion for relief from

judgment under Fed. R. Civ. P. 60 (b) (Doc. 49) which shall be denied for the reasons

stated below.

      On December 13, 2007, a jury convicted Browning of being a felon in possession

of a firearm, 18 U.S.C. § 922(g).  Browning failed to appear for his March 20, 2008

sentencing, and the government indicted him for failure to appear.  18 U.S.C. § 3146(a)(1).

-1-

Browning pled guilty to the failure to appear charge which was consolidated with the firearm conviction for sentencing.  This court sentenced petitioner to 151 months imprisonment. Browning appealed his conviction and sentence, and the Court of Appeals for the Sixth Circuit affirmed on May 21, 2010.  His conviction became final when the time for filing the certiorari petition expired or ninety days after entry of the appellate court's decision affirming his conviction.  See Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004) (citing United States v. Cottage, 307 F.3d 494, 498 (6th Cir. 2002)).  Thus, petitioner's conviction became final on August 19, 2010, and he was required to file his motion to vacate, set aside, or correct his sentence on or before August 19, 2011.  28 U.S.C. § 2255(f).  Browning filed his § 2255 motion on January 28, 2012, over five months after it was due.  In its February 8, 2012 order denying his § 2255 motion, this court denied his equitable tolling argument and dismissed the motion as time-barred.

On April 19, 2013, this court received and docketed Browning's Fed. R. Civ. P. 59 (e) motion to amend or alter the judgment which he signed and allegedly placed in the mail on February 18, 2013.  Although the Rule 59(e) motion was not timely filed, the court has considered the Rule 59(e) motion on the merits because of Browning's claim that he timely mailed his motion to this court.  See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (prisoner's § 2255 motion deemed filed when given to prison authorities for mailing).  On April 19, 2013, this court also received and docketed Browning's Fed. R. Civ. P. 60(b)(6) motion for relief from judgment.  In his Rule 60(b)(6) motion, Browning alleges that his Rule 59(e) motion was timely filed and should be considered.  Petitioner also filed a petition for a writ of mandamus with the Court of Appeals for the Sixth Circuit, which was docketed on March 20, 2013, in which he sought an order from that court compelling this court to rule on his

-2-

Rule 59(e) motion, which had not been received or docketed by this court at that time.  By letter, the court of appeals wrote to Browning advising him that his petition for writ of mandamus had been docketed, advising him of the filing fee or of his right to seek in pauper status.  The court of appeals served this court with a copy of the letter with "an invitation to respond to the petition if the judge so chooses."  This court responds by virtue of this order considering and denying Browning's Rule 59(e) and 60(b)(6) motions.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, governs the timing requirement of Petitioner's 28 U.S.C. § 2255 petition.  In this court's prior opinion and order dated February 8, 2013, this court ruled that Browning's § 2255 motion is time-barred because it was filed more than one-year after his conviction became final.  The time limit for a federal prisoner filing a § 2255 motion, like a state prisoner bringing a habeas under 28 U.S.C. § 2254,  is subject to equitable tolling. Solomon v. United States, 467 F.3d 928, 932 (6th Cir. 2006); See Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2560 (2010)).  Petitioner bears the burden of showing that he is entitled to equitable tolling.  McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003). "Equitable tolling allows courts to review time-barred *habeas* petitions provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Keeling v. Warden, 673 F.3d 452, 462 (6th Cir. 2012) (internal quotations and citations omitted), cert. denied sub nom, Keeling v. Brunsman, __ U.S. __, 113 S. Ct. 141 (2012).  The statute of limitations will only be tolled in extraordinary circumstances.  Id.  To establish that he is entitled to equitable tolling, a petitioner must meet two requirements.  First, he must show that he has diligently pursued his rights, and secondly, he must show that some extraordinary circumstance stood in his way. Lawrence

v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. Diguglielmo, 544 U.S. 408, 418 (2005)).

Equitable tolling is to be granted "sparingly" and is evaluated on a case-by-case basis with

the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled

to equitable tolling." Keeling, 673 F.3d at 462 (quoting Ata v. Scutt, 662 F.3d 736, 741 (6th

Cir. 2011)).

In its prior order denying Brownings' § 2255 petition, this court considered and

rejected Brownings' claim that he was entitled to equitable tolling on the grounds that

another inmate misled him as to the deadline for filing such a motion, and a prison

lockdown prevented him access to the law library to prepare his motion. In that order, this

court did not consider his claim that he erroneously filed his motion to extend his time to

file his § 2255 motion in the court of appeals rather than in the district court. In the motion

now before this court, Browning contends he inadvertently filed the motion for a time

extension with the court of appeals, and that court was honor bound to forward his motion

to the district court. Browning does not state the date upon which he filed the alleged

motion for a time extension, and a careful review of the docket sheets of the Court of

Appeals for the Sixth Circuit does not show such a filing to have occurred. While Browning

is correct that there is some legal authority supporting equitable tolling in a habeas case

where the petitioner files in the wrong forum,[1] Browning has not shown that he filed his §

2255 petition in the wrong court here. He has produced no papers purporting to be the

_____

[1]Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (equitable tolling may be appropriate where habeas petitioner files defective pleading during statutory period); Jones v. Morton, 195 F.3d 153, 159 (3rd Cir. 1999) (equitable tolling possible if petitioner timely assert his rights mistakenly in the wrong forum); Berry v. Berghuis, No. 08-CV-12987, 2008 WL 4403744, at *1 (E.D. Mich. Sept. 25, 2008) (Edmunds, J.) (transferring mistakenly filed habeas petition to correct district).

motion for a time extension to file his § 2255 motion which he asserts he filed with the court of appeals, and this court has located none.  Moreover, and perhaps most importantly, Browning does not allege that he timely filed his § 2255 motion in the wrong forum, only that he allegedly sought a time extension for doing so in the wrong court.  Even if that were true, Browning has not shown good cause for a time extension.

In his Rule 59(e) motion, Browning also argues that this court erred in its February 8, 2013 order, denying his motion to vacate because the court did not consider his claim that the vast majority of his legal work was missing when he transferred prisons.  Courts have consistently held that a lack of access to personal legal materials and a prison law library do not constitute equitable tolling.  See United States v. Cherry, No. 04-90040, 2010 WL 3958679, *2 (E.D. Mich. Oct. 8, 2010) (Battani, J.) (collecting cases).  Accordingly, the court does not find merit to this claim.

Browning also argues that this court erred in rejecting his argument that the prison lockdown required equitable tolling to save his motion from dismissal for untimeliness.   In its February 8, 2012 order this court considered this argument and rejected it on the basis that courts have held that prison lockdowns are not considered extraordinary circumstances warranting application of equitable tolling.  Id. (citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

Finally, Browning argues that this court erred by not considering his alleged Fourth Amendment violation claim that he was arrested without probable cause.  The AEDPA's statute of limitations must be complied with before a federal court can address the merits of the petition.  See Sweger v. Chesney, 294 F.3d 506, 518-19 (3rd Cir. 2002), cert. denied,

538 U.S. 1002 (2003).  A decision on the merits is unnecessary where the petition is dismissed on statute of limitations grounds.  <u>Backman v. Bagley</u>, 487 F.3d 979, 982 (6th Cir. 2007).

Having failed to show that he has diligently pursued his rights or that some extraordinary circumstances stood in his way, Brownings' Rule 59(e) motion to alter or amend (Doc. 48)  this court's February 8, 2012 order dismissing his § 2255 motion hereby is DENIED.

IT IS FURTHER ORDERED that Browning's Rule 60(e) motion asking the court to rule on his Rule 59(e) motion (Doc. 49) hereby is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:  May 1, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 1, 2013, by electronic and/or ordinary mail and also on Darmaine Wendell Browning #41906-039, Pekin Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5000, Pekin, IL 61555.

s/Barbara Radke
Deputy Clerk